**Misak MANASERYAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–73851.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed March 6, 2012.

Misak Manaseryan, Glendale, CA, pro se.

OIL, Lynda Do, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

### MEMORANDUM **

Misak Manaseryan, a native of Iran and citizen of Armenia, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Manaseryan's inability to adequately explain his job functions at the nuclear power plant at which he allegedly worked, *see id.* at 1153 (approving agency's finding that an applicant's testimony was suspicious given its lack of specificity), and based on Manaseryan's failure to provide corroboration after being given an opportunity to do so, *see Chebchoub v. INS*, 257 F.3d 1038, 1044–45 (9th Cir.2001). In the absence of credible testimony, Manaseryan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Manaseryan's CAT claim is based on the same testimony found to be not credible, and he does not point to any other evidence that shows it is more likely than not that he will be tortured if returned to Armenia, his CAT claim also fails. *See id.* at 1156–57.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, to the extent Manaseryan raises translation or transcription issues related to his hearing, we lack jurisdiction to review his claim because Manaseryan did not exhaust it before the agency. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.